## Pateſhall verſ. Apthorp & Wheelwright.

Pateshall
v.
Apthorp.

Rec. 1765.
Fol. 260.

ACTION upon an Inſimul Computaſſent.   It appeared that Wheelwright had made the Settlement, as joint Partner with Apthorp, and, on the Account so ſtated, the Company were indebted to the Plaintiff in a certain Sum, and that Wheelwright had given his ſingle Note to balance the Company's

In an Action of Inſimul Computaſſent on an Account acknowledged by one Part-

1765.

Pateshall
*v.*
Apthorp.

ner againft the
Company,
it is com-
petent for
the other to
fhow that the
Tranfaction
was not in
Partnerfhip.
The Ac-
ceptance
of the Note
of one Part-
ner for a
Company
Debt, and
balancing the
Company
Account
therewith, is
no Difcharge
of the
Company.
*Lynde*, J.,
*diffentiente.*

Company's Debt. The main Queftion was, whether this difcharged the Company.*

An incidental Queftion was debated, whether Apthorp fhould be admitted to give Evidence, that, *in this particular Tranfaction*, there was no Privity between him and Wheelwright.

*Mr. Auchmuty.* One Partner can never be admitted to prove his Ignorance of his Partner's Tranf-actions; for this would be to render all Tranfactions in Trade with Partners precarious and uncertain, and is directly againft all the Rules of Law.

*Mr. Fitch.* The *Infimul Computaffent* is figned only by Wheelwright, and not by Apthorp, and the fole Queftion is, if we may not prove Apthorp had Nothing to do with it.

*Ch. Juft.* Is there not a previous Queftion, whether it is in the Power of one Partner, thus to charge another?

*Mr. Fitch.* We have an Authority to that Point. 1 Salk. 126, *Pinkney* vs. *Hall.* It is not in every Cafe that one Partner fhall be bound down by the other's Act, fo as not to fhew he had no Concern in a certain Affair.

*Mr.*

---

* *Qu.* If thefe Authorities would not have been pertinent: 12 Mod. 537, 86, 406.   Cunningham on Bills of Exch. 95, 96, 150, 151, 152. Vid. Noy, 140, *Oldfield's Cafe*; 5 Mod. 314; 1 Lutw. 466; 5 Co. 117; 4 Mod. 88; 2 Bac. Abr. 24; Str. 426; Burrow's Rep. 1 v. p. 9.

*Mr. Gridley.* The Exception is this — that it is to no Purpoſe to ſhew we had Nothing to do in this Matter, becauſe Wheelwright has ſaid, we had. Can it be imagined, that one Perſon has a Power by his Notes, his Bills, his Bonds, at his Caprice to charge his Partner? If this is Law, an End of Partnerſhips. The Authority we have produced is in Point. You ſhall not charge *ad Libitum*, but you may charge in the Affairs of the Partnerſhip, and no further. Leap this Boundary — no End — no ſeeing to the End of the infinite Miſchiefs which will flow in upon us. Shall one Partner's barely ordering certain Affairs into the Books, charge the other, and eſtop him from Proof of his having no Concern? It can never be.

*Mr. Auchmuty.* Their Authority is not in Point, for it is founded upon the Cuſtom of England.

*Mr. Gridley.* No: the Common Law.

*Mr. Auchmuty.* I take it to be only a particular Cuſtom; but if on the Common Law, let us ſee if the Inconveniences which will flow from their Doctrine, will not exceed any which may happen on admitting our Suppoſition. If it is once known that a Man may thus ſlip his Neck out of the Collar, who will have Anything to do with Partners? But there is an Authority right under theirs', clearly with us.

*Mr. Gridley.* There the Tranſaction was in Partnerſhip.

*Mr.*

1765.

PATESHALL
v.
APTHORP.

*Mr. Auchmuty.* To extend their Authority as far as is contended, would be inconvenient with a Wit-. neſs. Who, if there muſt be an Inconvenience, is to ſuffer ? — One who relies on the Faith and Credit of the Copartners, or the Partners themſelves who are thus ſolemnly united ? Shall Apthorp be allowed to prove himſelf clear, when his Partner has declared, under his Hand, that he is jointly concerned ?

*Ch. Juſt.* Suppoſe my Partner had charged me, by his Note of Hand — ſhall not I be admitted to prove that I had Nothing to do in that particular Tranſaction ?

The Evidence was unanimouſly admitted, and the Chief Juſtice ſaid, that Want of Clearneſs, or Ambiguity, ought not to be an Objection to Evidence, but the Jury ſhould be left to judge.

On the main Queſtion, it was infiſted by Mr. Auchmuty, that the Note given by Wheelwright was no Payment, and confequently no Diſcharge of the Company. Words and Paper alone can never diſcharge a Debt without any Payment. Hob. 68, *Lovelace & ux.* vs. *Cocket.* Mod. Caſes in Law and Equity, (1) 290, *Springet* vs. *Chadwick.* 1 Salk. 124, *Clark* vs. *Mundal.* A Contract remains in full Force till diſcharged, and blank Paper will not diſcharge it ; they have given us no more. Nothing but a Satisfaction can diſcharge ; not even a Bond, by different Parties (ſays Lord Hobart), ſhall diſcharge

---

(1) 8 Mod.

charge without Payment. And ſhall this Note
difcharge without Payment? Never! and why?
" It is no Satisfaction *actual and prefent, as it ought
to be.*" Hob. *ub. fupra.**

*Mr. Gridley & Mr. Fitch* offered fome Evidence
to induce the Jury to think this was not a Partner-
ſhip Affair, and therefore Wheelwright could not
make Apthorp chargeable. Upon the main Point,
Mr. Gridley faid:

*Mr. Gridley.* The grand Queſtion is, whether
Apthorp ſtands indebted to Patefhall, according to
the Settlement here produced. This is an *Infimul
Computaffent*, a particular Mode of Action. You
muſt prove as you declare, or you muſt fail, as in
the Cafe of a Bond.

This is an Agreement of the Parties, in which
Patefhall has balanced the Account. The Agree-
ment of the Parties muſt be taken altogether. —
No dividing — No, ſays the Law — no Partition of
what a Man ſays. What does Wheelwright here
ſay? Why, that he and Apthorp owed. — Yes:
but in the fame Breath he ſays that he has paid
Patefhall. There it ends. A Settlement is one
undivided, indiffoluble Thing; and the Law fays,
if you ground yourfelf upon it, you ſhall take it
altogether, or difcard it altogether. — But let us fee
the Law.

Their firſt Authority is of a Bond; nothing to
the Purpofe. But one Note may difcharge another;
                                                        as

* *Qu.* If 2 L'd Raym'd, 928, &c., would not have been pertinent.

as where the Note is of later Date. The Cuſtom of the Place muſt always be regarded; and it has ever been here held, however it may have been in England, that one Note would diſcharge another. It is every Day's conſtant Practice, to ſettle Accounts and give Notes in Diſcharge. And I appeal to you, Gentlemen of the Country, what Confuſion would overwhelm us, if all Settlements ſhould be thus wiped away, and made of no Value. What is Law? What is the whole Common Law? It is the General Uſage. No Common Law found written, but handed down; and there is a Cuſtomary Law; and you, Gentlemen, know what has been the uninterrupted, unvarying Cuſtom of this Country.

The Settlement is what it is; and you cannot vary from it; if you do, you make it what it is not. The Conceſſion on one Side is, that Apthorp and Wheelwright are indebted; but the Conceſſion on the other Side is, that it is paid by Wheelwright's Note. One Note may balance another, and ſurely then it may balance an Account. 6 Mod. 36.

The Sum of what is ſaid is, that 'tis a Settlement. You muſt ſettle it as it is ſettled, or 'tis your Settlement — not ours. 'Tis like a Law, or a Will — you cannot alter or change it. You muſt take it as you find it. 'Tis as much a Conceſſion in the Plaintiff, that the Note balanced the Account, as it was in Wheelwright, that the Balance was owing from the Company. Wheelwright · ſaid, there was a Debt due. Pateſhall ſaid, Wheelwright · had paid it.

*Oliver,*

*Oliver, Juſtice.* There are two Points. As to the firſt, it is pretty plain from the Evidence that Wheelwright and Apthorp were in Partnerſhip. The only Queſtion then is, if this Note was a Payment of the Company's Debt. I can't but think, as the Law ſtands, the Note was no Diſcharge of the Company.

1765.
PATESHALL
*v.*
APTHORP.

*Juſtice Cuſhing.* I agree with my Brother Oliver in the firſt Point, but as to the chief Point, the Authorities produced don't ſeem to come up to the preſent Queſtion. Equity ſeems in Favour of the Plaintiff; and I don't know that the Law is againſt him.

*Juſtice Lynde.* There is Evidence under Wheelwright's own Hand, that this Matter was in Company; but there is a greater Difficulty on the other Point. The Plaintiff acknowledges, by relying on this Settlement, that he received the Note, in full Satisfaction. A new Agreement is entered into; for he diſcharges the Company and takes Wheelwright for his Security.

One can't very well account for the Caſe in Hobart. It is quite extraordinary, that a Man ſhould give a new Bond, and not take up the old. When Securities are changed, it ſeems to me that the old muſt be diſcharged.

*Ch. Juſtice.* The firſt Queſtion I take to be, Partnerſhip, or not. If one Partner receives Money, and carries it to the Company Account, clear Evidence that the Money was received in Partnerſhip.

24                            The

1765.

PATESHALL
v.
APTHORP.

The ſecond Queſtion is, whether the Note given by Wheelwright diſcharged the Company. Had the Note been from Wheelwright and Apthorp, I ſhould have had more Doubt. The Plaintiff here gives Credit for Note of Wheelwright's. Now, whether the Contract with the Company can be ſuppoſed to continue, after Wheelwright had taken the Company's Debt upon himſelf, and Pateſhall had received the Note as a Balance of the Company Account, I doubt.*

*The Jury found for the Plaintiff.*

APTHORP
v.
PATESHALL.

Rec. 1766.
Fol. 9.

Afterwards, a Writ of Review being brought, the Cauſe was again argued, before the Chief Juſtice, Juſtice Lynde and Juſtice Ruſſell.

*Juſtice Ruſſell* was full with the original Plaintiff.

*Lynde, Juſtice* continued ſtrongly of his former Opinion; and was ſtrenuouſly in Favour of the Plaintiff in Review.

The Doubts of *the Chief Juſtice* were, on this Tryal, removed, and he ſaid that, from the Authorities, it was very clear, that the Note was no Diſcharge of the Company.† (2)

The

* Vid. Cun. L. Dict'y Tit. *Acceptance.*

† *Qu.* if theſe Authorities would not have been pertinent to the Point in Queſtion : 3 Cro. 85, 86.    2 Cro. 650.    1 Mod. Rep. 221, 225.    3 Lev. 55.    1 Brown. 47.

(2) The oppoſite doctrine has long been eſtabliſhed, both in this country and England.    See Story on Partn. § 155 and note.    *Arnold* v. *Camp,* 12 Johns. 409.    *French* v. *Price,* 24 Pick. 23.

The Jury was of the ſame Opinion with the Jury upon the laſt Tryal.

Judgment being entered, Mr. Gridley moved for an Appeal Home, which, not being oppoſed, was granted.